Memorandum: The plaintiff and defendant each claim the ownership and to be entitled to the possession of an automobile. The car was sold by Lackawanna Motor Sales to one George Kozachuk on October 28, 1946, who on that day executed and delivered to Lackawanna Motor Sales a conditional sales contract and promissory note to cover the unpaid balance of the purchase price. On the same day, the note and contract were transferred and assigned to the plaintiff for value. The record is not clear as to the time but that day, or shortly thereafter, Lackawanna Motor Sales delivered to Helen Kozachuk, wife of the purchaser, a certificate purporting to show that she was the owner of the car and with that evidence of alleged ownership, she had the car registered in her name. The contract of conditional sale was filed on November 15, 1946. On November 23, 1946, Helen Kozachuk sold the car for cash to the defendant from whom it was recovered in replevin by the plaintiff. The City Court of Buffalo gave judgment in favor of the defendant which judgment was affirmed by Special Term. The defendant claims to be a purchaser in good faith for value and without notice and relies upon sections 65 and 41 of the Personal Property Law. We think the defendant’s position cannot be maintained. The wife was not the buyer of the car. She was no party to the sale to her husband and was in no way mentioned in the conditional sale contract and was not obligated in any manner for the payment of the purchase price. Section 65 of the Personal Property Law provides no protection to a purchaser of chattels from persons other than the conditional vendee. Moreover, the contract was on file *746 eight days prior to the purchase by the defendant and was notice to it of the reservation of title in the plaintiff. The statute does not require the filing of the contract at any particular time. The provision for filing within ten days after the making of the conditional sale has no application here since the filing was made prior to the purchase by defendant. It was not established that the plaintiff, as assignee of the contract, had knowledge of or consented to the issuance by Lackawanna Motor Sales of a certificate of ownership to one other than the purchaser and the plaintiff is not bound by the wrongful act of its assignor. Section 41 of the Personal Property Law has no application to the sale of chattels. All concur. (The judgment and order affirm a judgment of the Buffalo City Court in favor of defendant in an action in replevin.) Present — Taylor, P. J., Love, Vaughan, Kimball and Piper, JJ.